[Civ. No. 3583.   Fourth Dist.   Feb. 27, 1948.]

THOMAS L. GILMER et al., Plaintiffs and Appellants, v. SAM SPITALNY et al., Defendants; BETTY SPITALNY, Defendant and Appellant.

Calvin H. Conron, Jr., for Plaintiffs and Appellants.

Borton, Petrini, Conron & Borton for Defendant and Appellant.

BARNARD, P. J.—On March 22, 1945, the plaintiffs recovered a judgment in Arizona against the defendants, husband and wife, the material part reading as follows:

"The above-entitled matter having been submitted on motions for judgment on the pleadings . . . and the Court finding that judgment should be entered in favor of plaintiffs as *upon a community debt of the defendants incurred by the defendant Sam Spitalny.* It is therefore ordered,

adjudged and decreed that plaintiffs have and recover the sum of ($2,974.14 with interest from November 9, 1939) from the defendants *as a community debt of the defendants incurred by the defendant, Sam Spitalny during the marriage of the defendants. Let execution issue in accordance herewith.''* (Emphasis added.)

On March 5, 1946, the plaintiffs filed this action in Kern County, the complaint alleging that on March 22, 1945, a judgment was entered in the Superior Court of Maricopa County, Arizona, in favor of the plaintiffs and against the defendants in the amount of $2,974.14 principal and $24.20 interest; that no part has been paid; and that interest has accrued in the amount of $209.88. The prayer was for a judgment against the defendants for $3,208.22, with costs. The terms and provisions of the Arizona judgment were not set forth in the complaint or in any exhibit thereto. The plaintiffs also secured a writ of attachment which was levied upon any interest of the defendants in certain real property located in Riverside County, California.

The defendants filed an answer setting forth a copy of the Arizona judgment, and alleging that it was not a personal judgment against the defendant wife, and that it was enforceable as to her only as to her interest in the community property of herself and her husband. The prayer was that plaintiffs take nothing except a judgment in conformance with the Arizona judgment, which shall be restricted to recovery, insofar as the defendant wife is concerned, to her interest in such community property. The defendant wife also filed a cross-complaint for declaratory relief alleging more in detail the restrictive nature of the Arizona judgment, and that the property which had been attached in Riverside County is her separate property. The prayer was that it be adjudged that the Arizona judgment was enforceable only against her interest in community property, that her interest in the Riverside property be found to be her separate property, and that it be found that this property is not subject to attachment or execution in this action.

The plaintiffs then moved to strike this cross-complaint and for judgment on the pleadings. After a hearing, a minute order was entered ordering that the motion for judgment on the pleadings be granted. A judgment was then prepared by plaintiffs' counsel and entered on January 20, 1947, which ordered that the cross-complaint filed by the

defendant wife be stricken from the files and that the plaintiffs have judgment against both defendants for $2,974.14, together with interest, amounting in all to $4,078.89.

The defendant wife then moved to set aside this judgment as having been incorrectly entered and to make the same conform to the true judgment intended by the court. After a hearing on January 29, 1947, the court entered an order which, after reciting that the defendant wife had moved to set aside the judgment entered on January 20, 1947, and that the plaintiffs' attorney had stated in open court that the motion might be deemed one for a new trial, ordered that the motion made by the defendant wife be granted and that a new trial or hearing be had on all the issues. This order further stated that it was based on the ground that the judgment had been entered through inadvertence. The plaintiffs have appealed from this order and the defendant wife has taken a cross-appeal from the judgment entered on January 20, 1947, pursuant to rule 3 of the Rules on Appeal.

At the oral argument the defendant wife moved to augment the record by including therein a photostatic copy of the written directions handed to the clerk by the judge prior to the entry of the minute order granting the motion for judgment on the pleadings. There is also presented a certificate by the trial judge stating that the minute order is incomplete and that he did not notice the omission when the clerk's transcript was prepared. This motion for augmentation of the record was submitted with the appeals, and although the matter is not very important here, that motion is granted.

The plaintiffs contend that a cross-complaint was improper in this case and should be stricken, arguing that the right to cross-complain is restricted by section 442, Code of Civil Procedure, to matters relating to the contract sued upon; that the substance of the cross-complaint related to the attachment of real property; and that this has no relation to the contract or judgment involved in the principal action. While it is difficult to see why the attempt to set aside this attachment had no relation to the subject-matter of the principal action, it is unnecessary to consider this contention since other matters are controlling.

The plaintiffs also contend that the trial court erred in setting aside its previous judgment, by which it had held

that both of the defendants were liable to the plaintiffs without any restriction whatsoever. It is argued that this was an attempt to set aside the judgment on the ground of inadvertence and also to grant a new trial, that a new trial may not be granted where there has been no previous trial on an issue of fact, and that there is no evidence of any inadvertence on the part of the court. While, technically, a new trial may not be granted under these circumstances (*Abbey Land etc. Co.* v. *San Mateo County*, 167 Cal. 434 [139 P. 1068, Ann.Cas. 1915C 804, 52 L.R.A. N.S. 408]), and while in its order the court recited that the plaintiffs' attorney had consented that the motion be deemed one for a new trial, the order itself was that the motion to set aside the judgment be granted and that a new trial or a hearing be ordered. The latter part of this order may be treated as surplusage. There is some showing of inadvertence in that the minute order entered by the clerk was not in accordance with the written directions given him by the judge. It also appears that the judgment was for something over $800 more than the amount prayed for in the complaint. In any event, since the real issue between the parties can be determined on the cross-appeal these incidental matters are of little importance. The action of the court in setting aside the judgment being correct, it may be affirmed regardless of the reasons given therefor.

The main question presented is whether this Arizona judgment, with the restrictions appearing therein, may be enforced in this state without any restriction and as a personal judgment against both defendants. The plaintiffs concede that this judgment was unenforceable in Arizona as against the wife personally or as against her separate property. They argue, however, that on its face this judgment holds both defendants liable and makes the judgment as much a debt of the wife as it is of the husband; that the liability of the defendant wife is thus established, and the debt represented by the judgment is now her debt; that while Arizona had the right to, and did, grant an exemption to her with reference to her personal property that exemption is not controlling in this state; that California has its own exemption laws and a wife's separate property, as such, is not exempt from execution here; and that it follows that they were entitled to a judgment in this action holding both defendants liable for this debt, without any restriction in the

judgment saying whether or not execution may be had upon separate property of the defendant wife.

█ It is not correct to say that this Arizona judgment on its face holds both defendants equally liable, or that on its face it makes the debt one owed by the wife as much as by her husband. While that judgment was entered against both defendants it recites upon its face a finding that judgment should be entered as upon a community debt incurred by the husband, orders that the plaintiffs recover the sum named from the defendants as such a community debt incurred by the husband during the marriage, and limits the execution accordingly. By its terms and the language used an intent is clearly disclosed that the judgment shall be enforceable only against the wife's interest in community property, and that she shall not be personally liable. It would be unreasonable to hold that such a restricted judgment, expressly limiting the wife's liability, could be changed into one of general liability merely by using it as evidence in an action in another state. The restriction or exemption is sufficiently expressed in the judgment, and made a part thereof, so that it is not dependent upon or controlled by the exemption statutes of another state.

While we are cited to no direct authority, and have found none, a number of general principles would seem to be controlling. The restriction placed in the judgment itself is a part of that judgment and should be as binding and effective as any other part thereof. █ It is well settled that both the validity and the effect of a judgment are governed by the laws of the state where it is rendered. This being true, it should follow that this evidence cannot be enlarged or extended by the mere use of the judgment in an action in another state. █ Judgments rendered in another state will usually be accepted as conclusive proof of the exact rights which have been finally adjudicated thereby. (*In re Culp*, 2 Cal.App. 70 [83 P. 89].) █ The full faith and credit provision of the Constitution is designed to provide a method of proving the record of a judicial proceeding in one state for the express purpose of carrying out the result of that proceeding in other states. (*Estate of Kershow*, 2 Cof. 213.) █ The full faith and credit clause requires only that the judgment should be given such effect as it had by the law or usage of the state of its origin. (*First Nat. Bank* v. *Terry*, 103 Cal.App. 501 [285 P. 336].) █ An action to enforce

a personal liability cannot be maintained on a judgment unless it adjudicates a personal liability. (*Seligman* v. *Kalkman*, 17 Cal. 152.) ▉ When raised as a bar, no more force is to be allowed to a judgment of a sister state than would be accorded to that judgment by the courts of the state which rendered it. (*Harding* v. *Harding*, 140 Cal. 690 [74 P. 284].) No good reason appears why this same rule should not apply in a case where a direct enforcement of such a judgment is sought. In 2 Freeman on Judgments, section 575, the author says: ''The first question to be determined in regard to a judgment of another state, after jurisdictional inquiries have been satisfactorily answered, is, what is its effect in the state whence it was taken? The effect which it has there is precisely the effect which must be accorded to it in every other state.''

Where a judgment in one state is entered against a party solely in his official capacity or as a trustee, it could not be contended that such a restriction expressed in the judgment was of no effect in another state, or that a personal liability could result in another state because of its different laws relating to the enforcing of judgments in general. In principle, there is no distinction between such a situation and the one here in question. The Arizona judgment was given against the defendant wife only insofar as her interest in community property is concerned, and the judgment is so worded as to clearly exclude any personal liability on the part of the wife. The restriction expressly stated in the judgment limits its application and effect as a judgment in that state, and precludes its use in another state as establishing a general personal liability.

The judgment entered on the pleadings is reversed and the order setting aside that judgment is affirmed. The defendants to recover their costs on appeal.

Griffin, J., concurred.

A petition for a rehearing was denied March 19, 1948, and plaintiffs and appellants' petition for a hearing by the Supreme Court was denied April 27, 1948. Carter, J., voted for a hearing.