[Civ. No. 27102. Second Dist., Div. Three. Aug. 19, 1964.]

W. L. WEIR, Plaintiff and Respondent, v. BILL CORBETT
et al., Defendants and Appellants.

Ross & Harris and Howard C. Parke for Defendants and Appellants.

James W. Harvey, Clark A. Barrett and Edward J. Bloom for Plaintiff and Respondent.

FILES, J.—This action was brought to recover money due under a Washington judgment. Summary judgment was entered in favor of plaintiff. Defendants' appeal raises a single issue of whether the Washington statute which places a six-year limitation upon the effect of a judgment should operate to extinguish the California judgment when six years have elapsed from the date the Washington judgment was entered.

The facts pertinent to this issue may be stated briefly. On October 19, 1956, a judgment was entered in the Superior Court of the State of Washington for King County in favor of plaintiff and against defendants in the amount of $47,407.96 plus costs. No part of that judgment has been paid. On October 2, 1961, plaintiff commenced an action upon that judgment in the Superior Court of the State of California for Los Angeles County. On October 16, 1962, judgment was entered in the latter court in favor of plaintiff and against defendants for the amount of the Washington judgment plus accrued interest thereon.

The complaint in this action alleges (and the answer admits) that defendants are residents of the State of Washington. Neither party makes any contention that the present or past residence of any party is a material fact on this appeal. Defendants make no contention that they are not now subject to the jurisdiction of the California court.

Revised Code of Washington, section 4.56.210 provides as follows: "After the expiration of six years from the date of

the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, except as in RCW 4.56.225 provided."

The exception of Revised Code of Washington, section 4.56.225 applies only to judgments arising from contracts entered into prior to June 9, 1897, and thus is not material here.

The effect of this statute was explained by the Supreme Court of Washington in *Roche* v. *McDonald*, 136 Wash. 322, 326 [239 P. 1015, 44 A.L.R. 444] : "This statute, we think, is not a mere statute of limitation affecting a remedy only. It is more than that. It not only makes a judgment cease to be a 'charge against the person or estate of the judgment debtor' after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on which it rests, for a longer period than six years from the date of its rendition. It does not tell us when an action upon a judgment may be commenced. It simply tells us that no judgment can be rendered extending the period of duration of a judgment, or of the claim or demand upon which it rests, beyond the period of six years following its rendition."

Preliminarily, it should be noted that the Washington statute did not, by its terms, constitute any bar either to the commencement of the present action, or the entry of the judgment appealed from. The California judgment was entered on October 16, 1962, but the six-year period did not expire until October 19, 1962. It is defendants' contention that the California judgment should not have any effect beyond the October 19, 1962, deadline. The problem here is not the application of a statute of limitations which might bar a California action, but a question of what kind of relief a California court may give in an action timely brought on a Washington judgment.

Contrary to defendants' contention, the Washington statute does not limit the relief which the California court may give. The effect of the Washington judgment was to determine that defendants must pay plaintiff a specified amount of

money. This duty, as adjudged in Washington, existed on October 16, 1962. On that day the California court gave effect to the Washington judgment as proof of the existence of such a duty. In giving judgment the California court made available to plaintiff the various California procedures for the enforcement of such a duty. ''The method of enforcement of a foreign judgment is governed by the law of the forum.'' (2 Beale, The Conflict of Laws (1935) § 433.1, p. 1377.) The enforcement procedures of each state are peculiar to it. For example, after obtaining a California judgment plaintiff may have a writ of execution directed to a California sheriff (Code Civ. Proc., § 681) and may have a lien upon the real property of the defendants situated in this state (Code Civ. Proc., § 674), neither of which remedies was available to him under the Washington judgment. And while Washington procedure gave plaintiff only until October 19, 1962, to collect the money due him, California has made its remedies available for a longer period of time. But the fact that California gives a more effective remedy, or makes its remedy available for a longer period of time, is not a matter of which the judgment debtors may rightfully complain. California has given full faith and credit to the Washington judgment by accepting it as proof of the existence of a duty. The means of enforcing that duty in California is a matter governed by the law of the forum.

 This distinction between the existence of the duty, which is determined by the first judgment, and the availability of a remedy in another state was recognized in *M'Elmoyle* v. *Cohen,* 38 U.S. (13 Pet.) 312 [10 L.Ed. 177]. An issue in that case was whether the statute of limitations of Georgia could be pleaded to an action in that state founded upon a judgment rendered in South Carolina. The reasoning of the court is indicated by this language (38 U.S. at p. 325) : ''By the law of the 26th of May, 1790, the judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another State, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another State, it must be made a judgment there, and can only be executed in the latter as its laws may permit. It must be conceded that the judgment of a State court cannot be enforced out of the State by an execution issued within it. This concession admits the conclusion that, under the first section of the fourth article of the Constitution, judgments out of the State in

which they are rendered are only evidence in a sister State that the subject matter of the suit has become a debt of record, which cannot be avoided but by the plea of *nul tiel record*. . . . ██ ''[P. 327.] Such being the faith, credit, and effect, to be given to a judgment of one State in another, by the Constitution and the act of Congress, the point under consideration will be determined by settling what is the nature of a plea of the statute of limitations. Is it a plea that settles the right of a party on a contract or judgment, or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy; and consequently, that the *lex fori* must prevail.''

Following the principle of that case, California courts have applied the California statute of limitations to an action on a sister-state judgment, whether the local time limit be shorter (*Biewend* v. *Biewend*, 17 Cal.2d 108, 114 [109 P.2d 701, 132 A.L.R. 1264]) or longer (*Stewart* v. *Spaulding*, 72 Cal. 264 [13 P. 661]) than the period of limitations of the sister state. ██ Some of the authorities relied upon by defendants here are simply illustrations of the principle that the foreign judgment defines the duty which is to be enforced. *Gilmer* v. *Spitalny*, 84 Cal.App.2d 39 [189 P.2d 744], was an action upon an Arizona judgment which, by its terms, was payable only out of the community property of the defendants. The appellate court held it was error to enter a California judgment against the defendant wife which would be payable out of her separate property. The duty adjudged by the Arizona court was not the wife's duty except insofar as it affected her share of property under the legal control of her husband. Thus the Arizona judgment did not provide evidentiary support for a personal judgment against the wife.

*Board of Public Works* v. *Columbia College*, 84 U.S. (17 Wall.) 521 [21 L.Ed. 687], was a suit brought in the District of Columbia to enforce an alleged judgment of Virginia. It appeared that the Virginia proceeding had resulted only in an interlocutory decree, which was subject to reexamination and modification at a subsequent hearing to be held in the Virginia courts. The interlocutory decree could not be the basis of a suit in the District of Columbia because it did not finally determine any rights and duties. ██ The opinion of the Supreme Court states: ''No greater effect can be given to any judgment of a court of one state, in another state, than is given to it in the state where rendered.'' (84 U.S. at p. 529.)

Defendants here suggest that this sentence in the Supreme Court's opinion should be construed to mean that the new judgment may not have any greater efficacy than the foreign judgment upon which it was based. This is not what was intended or decided. The usual and legitimate purpose and effect of suing on a foreign judgment is to reach assets which cannot be reached by any of the remedies available under the foreign judgment. Of course the new judgment will have greater efficacy as a remedy. What the Supreme Court said was that the foreign judgment will not have any greater effect, as an adjudication of the rights and duties of the parties, than it had in the state where rendered.

■■■ There is no inconsistency between the present case and what was decided in *Roche* v. *McDonald,* 136 Wash. 322 [239 P. 1015, 44 A.L.R. 444], reversed 275 U.S. 449 [48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141]. In that case Roche's assignor had obtained a judgment against McDonald in Washington, and then, more than six years later, sued on that judgment in the State of Oregon and obtained a new judgment. Then he sued in Washington on the Oregon judgment. The Supreme Court of Washington reasoned that the first judgment had been extinguished by the lapse of six years, that the Oregon judgment based upon the extinct judgment must be void, and hence the Oregon judgment was not entitled to recognition in Washington. The United States Supreme Court reversed upon the ground that the Oregon judgment, even if based upon an error of law, was not void, and hence was entitled to full faith and credit in Washington.

Defendants base their argument here upon the principle asserted in the Washington court's opinion, and not controverted in the United States Supreme Court opinion, that the original Washington judgment had expired and had no effect whatever after six years had passed. Defendants' theory, using the state court's opinion in the *Roche* case, goes only to show that after October 19, 1962, no further relief was available in the State of Washington. This does not overcome the fact that on October 16 the judgment was in full force and effect as proof of the existence of defendants' duty to pay the debt. While the duty existed, and while the Washington judgment existed as proof thereof, plaintiff sought and obtained a California remedy for the enforcement of that debt. Nothing in the law of California, or in the United States Constitution, requires that the expiration of plaintiff's Wash-

ington remedies after that time should nullify the effect of the California judgment.

The judgment is affirmed.

Ford, J., concurred.

SHINN, P. J.—I dissent.

The Washington judgment should be read as if it contained in terms the statutory limitation; thus upon the expiration of six years it ceased to be a judgment for any purpose. The present action was not upon the debt; it was upon the judgment. The California judgment could not add to or detract from that judgment in any material respect. It could not delete the limitation of the Washington judgment and in so doing render an entirely different judgment. It should have incorporated a limitation in accordance with the Washington statute.