NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOLEX GOLF INDUSTRIES, INC., )   No. 13-55643
a California corporation, )
)  D.C. No. 2:09-cv-02248-R-CW
     Plaintiff - Appellant, )
)  MEMORANDUM*
     v. )
)
O-TA PRECISION INDUSTRIES )
CO., LTD., )
)
     Defendant - Appellee. )
)

FOLEX GOLF INDUSTRIES, INC., )   No. 13-56331
a California corporation, )
)  D.C. No. 2:09-cv-02248-R-CW
     Plaintiff - Appellee, )
)
     v. )
)
O-TA PRECISION INDUSTRIES )
CO., LTD., a Taiwan company, )
)
     Defendant - Appellant. )
)

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 2, 2015
Pasadena, California

Before: PREGERSON, FERNANDEZ and NGUYEN, Circuit Judges.

Folex Golf Industries, Inc. ("Folex") appeals the district court's summary judgment in favor of O-TA Precision Industries Co., Ltd. ("O-TA") in Folex's suit for damages and declaratory relief (No. 13-55643). O-TA appeals the district court's order denying its motion for attorney's fees (No. 13-56331). We reverse in part and vacate in part.

Folex and Luoyang Ship Material Research Institute ("LSMRI") entered into an agency agreement later supplemented by an addendum (hereafter "Agreement"). O-TA was introduced to LSMRI by Folex and became a customer of LSMRI. Ultimately LSMRI filed an action against Folex in a court in the People's Republic of China ("PRC"), and obtained a default judgment against Folex that dissolved the Agreement. In the meantime, Folex brought this action against O-TA. After the PRC judgment issued, the district court granted summary judgment to O-TA on the basis that by applying international comity, the PRC judgment against Folex would be recognized in California[1] and would have collateral estoppel effect.

---

[1]Because this is a diversity case, California law applies. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1212–13 (9th

(continued...)

2

(1)     Folex asserts that due to a lack of proper service of the PRC action upon it, California would not recognize the judgment.  We agree because the PRC court lacked personal jurisdiction over Folex.  California will apply the principles of international comity and recognize the judgments of a foreign court if that court had personal jurisdiction.  See San Diego Cnty. Dep't of Soc. Servs. v. Norma M. (In re Stephanie M.), 7 Cal. 4th 295, 314, 27 Cal. Rptr. 2d 595, 605, 867 P.2d 706, 716 (1994); see also Hilton v. Guyot, 159 U.S. 113, 202–203, 16 S. Ct. 139, 158, 40 L. Ed. 95 (1895); Pennoyer v. Neff, 95 U.S. 714, 732, 24 L. Ed. 565 (1877), overruled in part on other grounds by Shaffer v. Heitner, 433 U.S. 186, 206, 97 S. Ct. 2569, 2580–81, 53 L. Ed. 2d 683 (1977).  However, absent proper service upon a defendant, personal jurisdiction cannot be obtained.  See Dill v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1439 & n.13, 29 Cal. Rptr. 2d 746, 753 & n.13 (1994); see also Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987).  Here the record demonstrates that process was never delivered to Folex personally — at the one possible attempt in China, the papers were not even left, and when service in California was attempted under the

---

[1](...continued)
Cir. 2006) (en banc) (plurality opinion) (per curiam).

3

provisions of The Hague Convention,[2] the papers were never delivered. The only other attempt was publication, but, while that can be proper in some instances, in this instance the record shows that California's law regarding publication was not followed,[3] and, more to the purpose, neither was PRC's.[4] We are satisfied that California would find that fatal to recognition.[5]

O-TA argues that if Folex knew of the PRC action, the defective service would be cured. Not so; that conflates jurisdictional and due process inquiries. Certainly, California does not accede to O-TA's theory. See Honda Motor Co. v. Superior Court, 10 Cal. App. 4th 1043, 1048, 12 Cal. Rptr. 2d 861, 864 (1992); see also Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1122–24 (9th Cir. 2003).

In short, on this record California would not determine that Folex is bound

---

[2]Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 5, Nov. 15, 1965, 20 U.S.T. 361.

[3]Under California law, publication in California would have been necessary. See Cal. Civ. Proc. Code § 415.50(b). That was not done, nor was reasonable diligence demonstrated. See id. § 415.50(a).

[4]According to the expert evidence in the record, publication under Chinese law would have to have been both in China and abroad. The record does not show that it was published abroad. Nor does the record show that personal service was not possible, another requirement under Chinese law.

[5]See Restatement (Third) of Foreign Relations Law § 471 cmt. a (1987).

by the PRC judgment. See Hansberry v. Lee, 311 U.S. 32, 40–41, 61 S. Ct. 115, 117–18, 85 L. Ed. 22 (1940).

(2)    Folex also asserts that even if the PRC judgment is recognized on the basis that the court had jurisdiction over it, Chinese law does not recognize the principle of third-party collateral estoppel (issue preclusion). According to the expert evidence in the record, that is correct.

Under California law, if another United States jurisdiction does not give preclusive effect to its judgments, California will not give preclusive effect to those judgments. See Gilmer v. Spitalny, 84 Cal. App. 2d 39, 44–45, 189 P.2d 744, 747 (1948); cf. Proctor v. Vishay Intertechnology, Inc., 213 Cal. App. 4th 1258, 1274–75, 152 Cal. Rptr. 3d 914, 926–927 (2013); Burdette v. Carrier Corp., 158 Cal. App. 4th 1668, 1688–91, 71 Cal. Rptr. 3d 185, 200–03 (2008). Moreover, California does not expect foreign courts to give California judgments greater effect than California would. See Pentz v. Kuppinger, 31 Cal. App. 3d 590, 598, 107 Cal. Rptr. 540, 545 (1973).

Therefore, we agree that the California courts would not bar Folex's action against O-TA, even if they did recognize the PRC judgment in favor of LSMRI.

(3)    O-TA appeals the district court's determination that, under California

5

law,[6] O-TA was not entitled to an award of attorney's fees against Folex.  In light of our reversal of the judgment in O-TA's favor, we vacate the district court order regarding fees without deciding the merits of O-TA's argument.

Summary judgment REVERSED and REMANDED (No. 13-55643); fee order of July 11, 2013, VACATED (No. 13-56331).  Folex is awarded its costs on appeal (No. 13-55643; No. 13-56331).

---

[6]See Cal. Civ. Code § 1717(a); Santisas v. Goodin, 17 Cal. 4th 599, 610–11, 71 Cal. Rptr. 2d 830, 837–38, 951 P.2d 399, 406–07 (1998).