Filed 4/20/21  Baum v. Milks CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DWIGHT J. BAUM et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> WILLIAM MILKS, <br><br> Defendant and Appellant. | 2d Civ. No. B298410 <br> (Super. Ct. No. 17CV00153) <br> (Santa Barbara County) |

William Milks appeals from an order denying his motion to vacate entry of a sister-state (Nevada) judgment.  He contends the Santa Barbara County Superior Court erred when it denied his motion because the Nevada judgment is void.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY
### *Arbitration and Nevada Court Proceedings*

Milks, Steven White, and Joel Quaid (collectively, "Defendants") are managers of Affirmed Technologies, LLC (Affirmed).  Dwight Baum and other plaintiffs (collectively, "Plaintiffs") are shareholders of Affirmed.

Plaintiffs brought a shareholders' action against Defendants in Nevada district court. They alleged 11 causes of action, claiming that Defendants misused Affirmed's funds. Plaintiffs sued White "individually, and in his capacity as member and manager of Affirmed" and sued Milks and Quaid in their "capacity as manager[s] of Affirmed." The parties proceeded to arbitration.[1]

In June 2015, the arbitrator found in favor of Plaintiffs on two derivative claims brought on behalf of Affirmed against White and awarded damages to Affirmed. The arbitrator also found that Quaid and Milks mismanaged Affirmed's assets in violation of Affirmed's Operating Agreement. The arbitrator awarded Plaintiffs $409,656 in attorney fees and $26,951 in costs "to be recovered from Respondents." The arbitrator also ordered the arbitration fees to be divided equally between the parties.

Plaintiffs moved to confirm the arbitration award in the Nevada district court, and Defendants moved to vacate it. The district court upheld the substantive ruling of the arbitrator. The district court noted that "Respondents" in the arbitration action included not only White, Quaid, and Milks, but also Affirmed as a "nominal respondent." The court remanded the case to the arbitrator to clarify which "Respondents" were responsible for the attorney fees, costs, and expenses.

On remand, the arbitrator clarified that the attorney fees, costs, and expenses were intended to "be awarded jointly and severally against White, Quaid and Milks as the true

---

[1] The parties stipulated to dismiss the district court action when arbitration was commenced. The same complaint was used as the basis for arbitration.

Respondents to the proceeding." The arbitrator stated that Affirmed "should be allocated none of these costs."

The district court granted Plaintiffs' motion to confirm the arbitration award. The judgment stated: "Plaintiffs shall recover" $409,656 in attorney fees and $26,951 in costs and expenses "from Defendants White, Quaid and Milks, who shall be jointly and severally responsible therefor." The judgment also awarded Plaintiffs $7,301.66 in arbitration fees from each of the Defendants.

Defendants appealed the judgment to the Nevada Supreme Court. In their appeal, Defendants argued "the arbitrator exceeded his authority, for example, by awarding attorney fees against the non-Member Manager Milks individually. Milks and Quaid were neither individual Respondents nor individual counterclaimants in the arbitration." They argued that the arbitrator and the district court erred in holding Milks and Quaid personally liable. The Nevada Supreme Court affirmed the judgment in September 2018.

### Santa Barbara Superior Court Proceedings

Meanwhile, in January 2017, Plaintiffs filed an "Application for Entry of Judgment on Sister-State Judgment" in Santa Barbara County Superior Court. The court clerk entered the "Clerk's Judgment on Nevada Sister-State Judgment" ("Clerk's Judgment"), which stated that "Plaintiffs shall recover" a total of $452,838.69 (the remaining unpaid principal on the sister-state judgment, interest, and the filing fee for the application) "from Defendants Steven C. White, Joel Quaid and William Milks, who shall be jointly and severally responsible therefor." The Clerk's Judgment also included the identical case caption as the Nevada judgment.

3

Milks moved to vacate the entry of the Nevada judgment. He argued that entry of the Nevada judgment, which was against him "'as an individual judgment debtor[,]' would be a violation of his right to due process" because the Nevada judgment was against him in his "'capacity as manager,'" and not against him "'individually.'"

In April 2019, the superior court denied Milks's motion. The court reasoned that the plain language of the final judgment and the arbitrator's award do not state that Milks was responsible for the fees, costs, and expenses "'as manager of Affirmed Technologies' rather than against him individually." The court also denied the motion because Milks raised the same argument before the Nevada Supreme Court, which "rejected this argument and affirmed the judgment in all respects. . . . Thus, Milks'[s] assertion that there is only a judgment against him in his representative capacity as a manager of Affirmed finds no support in the orders and judgments of the Nevada proceedings."

### Postjudgment Proceedings in Nevada Courts

Based on the Nevada judgment, Plaintiffs initiated postjudgment discovery in Nevada. They requested Milks's personal financial information. When Milks refused, the Nevada district court compelled Milks to respond to the postjudgment discovery.

Milks petitioned the Nevada Supreme Court for a writ of prohibition. He argued that the district court exceeded its jurisdiction when it (1) held him personally liable for the attorney fees and costs, and (2) compelled him to produce his personal financial information.

In July 2020, the Nevada Supreme Court granted his petition. It determined that the Nevada district court "lacked

4

jurisdiction to hold him individually liable for attorney fees and costs because he is a nonparty to the underlying proceedings in his individual capacity." It determined that the "district court lacked jurisdiction to compel discovery into Milks'[s] personal assets."

## DISCUSSION

Milks contends the superior court erred when it denied his motion to vacate because the Nevada judgment against him is void. He argues that entry of the Nevada judgment violated due process because it "lack[ed] personal jurisdiction" to hold him individually liable. We disagree.

Under the full faith and credit clause of the United States Constitution (U.S. Const., Art. IV, § 1), a "'final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.'" (*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 113.) However, "'before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.' [Citation.]" (*Ibid.*)

The entry of a sister-state judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment." (Code of Civ. Proc., § 1710.40.) We review the trial court's ruling on a motion to vacate a judgment for abuse of discretion. (*Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88-89.) We will not reverse unless the trial court's ruling is

5

arbitrary, capricious, or outside the bounds of reason.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

Here, the superior court did not abuse its discretion. The Clerk's Judgment adopted the same words and phrases as the Nevada judgment (i.e., the superior court's judgment states: "Plaintiffs shall recover . . . from Defendants Steven C. White, Joel Quaid and William Milks, who shall be jointly and severally responsible therefor" and the Nevada judgment states: "Plaintiffs shall recover . . . from Defendants White, Quaid and Milks, who shall be jointly and severally responsible therefor . . .").  There is no dispute the Nevada judgment is valid, at least as against Milks in his capacity as manager.  Milks concedes as much.

Milks argues the Nevada judgment is void against him in his individual capacity, but his argument concerns the interpretation of the judgment rather than its validity.  An issue regarding the effect of the judgment is one for the Nevada courts to decide.  (*Gilmer v. Spitalny* (1948) 84 Cal.App.2d 39, 44.)  We are not aware of any Nevada order which has changed the wording of the underlying judgment.  To the extent Milks argues the July 2020 Nevada Supreme Court's order granting his writ petition changes the underlying judgment, we are not persuaded. That order vacated the district court's order compelling discovery, but it did not change the judgment or its wording.

There was no abuse of discretion in denying vacation of a judgment that adopts and incorporates the wording of the Nevada judgment.

## DISPOSITION

The order denying the motion to vacate is affirmed. Plaintiffs shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

The Lunsford Law Firm and Loren L. Lunsford for Defendant and Appellant.

Fennemore Craig, Wade Beavers; Howell Moore & Gough, Brian G. Gough and James P. Griffith for Plaintiffs and Respondents.