[Civ. No. 33378. Second Dist., Div. Four. Dec. 4, 1969.]

GRACE L. PARHM, Plaintiff and Appellant, v.
LESLIE D. PARHM, Defendant and Respondent.

COUNSEL

Donald J. Hirsch for Plaintiff and Appellant.

Pauline Epstein for Defendant and Respondent.

OPINION

**KINGSLEY, J.**—On May 20, 1949, defendant was granted a final decree of divorce from plaintiff in the State of Washington. That decree confirmed a provision in an interlocutory decree entered November 10, 1948, whereby custody of the three minor children of the parties was given to plaintiff and defendant was ordered to pay to her, for their support, the sum of $40 per month, for each child, such payments to continue until each child came of age or became self-supporting. At the time of the divorce decree, and at all times since, plaintiff was a resident of the State of California. Service on her was made in California; she defaulted in the divorce action.

On February 15, 1965, plaintiff brought the present action, seeking to establish the Washington decree as a California judgment and to collect the allegedly unpaid support therein provided for, which she alleged amounted to $22,360.

The trial court entered a judgment establishing the Washington decree as a California judgment; however the court refused to give judgment for any accrued support payments. Plaintiff has appealed from that judgment but in her brief attacks only the refusal to give her a money judgment for accrued child support. We reverse the portion of the judgment so attacked and affirm it otherwise.

The trial court found that defendant had paid, during the six years immediately preceding the date when the present action was commenced, at least as much as was due to plaintiff for child support for that period. It excluded evidence as to payments or nonpayments prior to February 15, 1959,[1] on the theory that any action to collect those installments was

___

[1]That was the statement of the court at the opening of the trial, reporting for the record the result of a conference in chambers. Actually, the court did admit an exhibit consisting of a group of receipts, some of which reflected payments made by defend-

barred by Washington law and; therefore, action thereon was barred in California.

It is admitted that installments of child support, as with installments of alimony, constitute, for the purposes of the statute of limitations, separate judgments, and that accrued installments can be collected by court action only if they fell due within the applicable period of limitations. On this appeal, plaintiff urges· that her cause of action for accrued child support was governed by the 10-year period set forth in subdivision 3 of section 337.5 of the California Code of Civil Procedure[2] and not by the provisions of section 361 of that code, on which section defendant relied.[3]

But the problem is not one of the effect in California of a foreign statute of limitations. ■ The applicable Washington statute[4] is not one of limitations in the ordinary sense of a statute terminating the remedy; the Washington statute, as construed by its courts, extinguishes entirely not only the local remedy, but the obligation itself. That extinguishment by lapse of time is the legal equivalent of satisfaction of the judgment by payment. (See *e.g., St. Germain* v. *St. Germain* (1945) 22 Wn.2d 744, 756 [157 P.2d 981].) As stated in 3 Freeman on Judgments (5th ed. 1925) § 1456, p. 2995: ". . . if the judgment sued on is dormant in the state where rendered, in the sense it is absolutely dead and incapable of being enforced or revised, it cannot support any action in another state."

In *Weir* v. *Corbett* (1964) 229 Cal.App.2d 290 [40 Cal.Rptr. 161], Division Three of this court had under review a judgment based on a Washington judgment. The California judgment had been entered in California prior to the date on which an action in Washington would have

---

ant during the calendar year 1958, in the amount of $1,180, and a payment made on February 6, 1959, of $120. The Findings of Fact make it clear that the court did not consider the information thus inadvertently before it.

[2]Subdivision 3 of section 337.5 establishes a 10-year period of limitations for actions "upon a judgment or decree of any court of the United States or of any state within the United States."

[3]Code of Civil Procedure, section 361, reads as follows: "When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued."

[4]"Revised Code of Washington, section 4.56.210 provides as follows: 'After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, . . .' " (*Weir* v. *Corbett* (1964) 229 Cal.App.2d 290, 291-292 [40 Cal.Rptr. 161].)

been barred, but the California judgment had the effect of making the underlying obligation enforceable in California after the date when it could have been enforced in Washington. The court sustained the California judgment, saying: "Preliminarily, it should be noted that the Washington statute did not, by its terms, constitute any bar either to the commencement of the present action, or the entry of the judgment appealed from. The California judgment was entered on October 16, 1962, but the six-year period did not expire until October 19, 1962. It is defendants' contention that the California judgment should not have any effect beyond the October 19, 1962, deadline. The problem here is not the application of a statute of limitations which might bar a California action, but a question of what kind of relief a California court may give in an action timely brought on a Washington judgment.

"Contrary to defendants' contention, the Washington statute does not limit the relief which the California court may give. The effect of the Washington judgment was to determine that defendants must pay plaintiff a specified amount of money. This duty, as adjudged in Washington, existed on October 16, 1962. On that day the California court gave effect to the Washington judgment as proof of the existence of such a duty. In giving judgment the California court made available to plaintiff the various California procedures for the enforcement of such a duty. 'The method of enforcement of a foreign judgment is governed by the law of the forum.' (2 Beale, The Conflict of Laws (1935) § 433.1, p. 1377.) The enforcement procedures of each state are peculiar to it. For example, after obtaining a California judgment plaintiff may have a writ of execution directed to a California sheriff (Code Civ. Proc., § 681) and may have a lien upon the real property of the defendants situated in this state (Code Civ. Proc., § 674), neither of which remedies was available to him under the Washington judgment. And while Washington procedure gave plaintiff only until October 19, 1962, to collect the money due him, California has made its remedies available for a longer period of time. But the fact that California gives a more effective remedy, or makes its remedy available for a longer period of time, is not a matter of which the judgment debtors may rightfully complain. California has given full faith and credit to the Washington judgment by accepting it as proof of the existence of a duty. The means of enforceing that duty in California is a matter governed by the law of the forum." (*Weir* v. *Corbett* (1964) 229 Cal.App.2d 290, 292-293 [40 Cal.Rptr. 161].)

■■ As is obvious, *Weir* does not determine the case at bench, where the California proceeding was begun after the date on which enforcement of the duty to pay some of the installments involved had become barred in Washington. We conclude that the statement above quoted from Freeman

correctly states the rule, and that plaintiff may not, in this action, collect installments of child support that fell due before February 15, 1959.

But that holding does not conclude the case. Defendant's obligation commenced on November 10, 1948, when the interlocutory decree was entered. It terminated, as to each child, when that child became self-supporting. The trial court found those dates. Taking those findings, we have the following table of defendant's total obligation:

| Child | Period | Number of Months | Amount Due |
|-------|--------|------------------|------------|
| Leslie | Nov. '48 - Sept. '57 | 106 | $ 4,240 |
| Benjamin | Nov. '48 - Nov. '58 | 120 | 4,800 |
| Leon | Nov. '48 - Sept. '65 | 214 | 8,560 |
| | | | $17,600 |

Because of the trial court's ruling, we have no evidence of payments, if any, made prior to February 7, 1958, when defendant sent plaintiff a money order for $120. Payments proceeded with reasonable regularity until February of 1961, with a total for that three-year period of $3,490.45. In the fall of 1961, plaintiff instituted a proceeding under the Reciprocal Support Act, resulting in an order of the Washington court for the payment of $40 per month. Payments were made under that order until June of 1964, in the amount of $1,120.

It is obvious that defendant owed plaintiff $13,040 for child support for the period from November 1948 until the first payment in evidence. Insofar as any of those payments were not made, plaintiff was entitled to credit the monies, as and when received, on the back installments, insofar as any such installment had not then been extinguished by the six-year rule. (Civ. Code, § 1479.)[5] Without a complete accounting of all payments made by defendant from November 1948, *it is impossible to decide whether or not there remain installments, due on or after February 15, 1959, for which defendant is not entitled to credit.* The trial court's limitation on evidence

---

[5]During the trial, the court said: ". . . I would find from the evidence presented to the Court that at the time these payments were made by the defendant to the plaintiff, that he was not aware of which of the minor children were then self-supporting and that he made the payments in the absence of any knowledge that they should be for arrearages if any or for advancement, . . ."

But, under section 1479 of the Civil Code, unless the debtor expressly directs that a payment be applied to a specific obligation, it is for the creditor to determine whether it be applied to the current or to the most remote installment; and the section imposes no obligation on the creditor to advise the debtor of the application.

Because of the language used in the Uniform Reciprocal Enforcement of Support Act (Code Civ. Proc., § 1650 et seq.) the $1,080 paid during 1958 pursuant to an order obtained under that Act, should be credited toward the installments due during the same period.

prevented such an accounting[6] and the case must go back for that purpose.

Insofar as the judgment established the Washington decree and order as an enforceable judgment and order in California, it is affirmed; insofar as it denied plaintiff a money judgment for any unpaid installments of child support it is reversed.

Files, P. J., and Dunn, J., concurred.

---

[6]Plaintiff expressly sought a finding as to the amounts paid from the beginning, broken down so as to reflect the dates on which each child became self-supporting. The request was not honored and the trial court recognized that it had prevented plaintiff from making a showing necessary to such a finding in its Finding No. XIV, reading as follows: "There is no evidence which establishes the total sum paid by defendant to plaintiff during each of the following periods: (a) February 15, 1955 to February 28, 1955; (b) March 1, 1955 to August 31, 1957; (c) September 1, 1957 to October 31, 1958; (d) November 1, 1958 to February 15, 1959; *the Court having excluded all testimony pertaining to installments which fell due more than six years immediately preceding the filing of the within action.*" (Italics added.)