**Warren Douglas LANTZ, Appellant,**

v.

**Dorothy Jean LANTZ, Appellee.**

**No. S–4590.**

Supreme Court of Alaska.

Jan. 29, 1993.

---

Warren D. Lantz, pro per.

Max F. Gruenberg Jr., Gruenberg and Clover, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

### I. INTRODUCTION

Warren Lantz appeals the trial court's order and judgment requiring him to pay his former wife Dorothy alimony arrearages totalling $167,812.50. Warren argues that the trial court applied the incorrect statute of limitations and that it erred in denying his laches defense. None of Warren's arguments have merit.

The superior court's order and judgment is affirmed.

### II. FACTS AND PROCEEDINGS

Warren filed for divorce from his wife Dorothy in December 1977. An initial hearing was held before Judge Buckalew on May 18, 1978. The transcript reveals that the great bulk of the hearing was devoted to figuring out how to give Dorothy a share in the "Alaska Gulf," a vessel that Warren was converting to a king crab trawler. Dorothy insisted on obtaining an interest in the boat. Dorothy's lawyer stated that getting an interest in the boat was "the only reason we're in court today."

Warren refused to give Dorothy any control over the boat. He submitted documents showing the boat to be a "negative asset." His position was that the only way the boat would become a "positive asset" was through his own work. He sought resolution of the issue because he needed to raise money for the boat's conversion, and the divorce had his "credit blocked."

Judge Buckalew wrestled with how to divide the property: "I don't want to make an indentured servant out of anybody. But I can't ignore that the property has to be equitably divided." Judge Buckalew worried that if Dorothy was not "given some interest in [the Alaska Gulf], I'll send her out of the courtroom bankrupt." After some discussion, Judge Buckalew suggested alimony because "it wouldn't have to interfere with the vessel." The parties agreed to adjourn to discuss the alimony option.

Shortly thereafter, Warren and Dorothy signed a "Property Settlement Agreement" (Agreement). Along with dividing the property, the Agreement included a provision for Dorothy's maintenance and support:

21. In full and final settlement of the Husband's obligation to support and maintain the Wife, the Husband agrees to pay to the Wife the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) in equal monthly payments of ONE THOUSAND DOLLARS ($1,000.00), the first installment to be paid on July 1, 1980, and succeeding installments to be paid on the first day of each month thereafter until the entire sum of ONE HUNDRED THOUSAND

DOLLARS ($100,000.00) shall have been paid. The obligation of the Husband shall, notwithstanding any other provision of this Agreement, survive his death and shall be a binding obligation of his estate. The obligation of the Husband shall terminate upon the death of the Wife.

At a hearing before Master Hitchcock on May 23, 1978, Warren testified that he felt providing Dorothy with $100,000 was "fair and equitable." He also stated the money was alimony. Master Hitchcock approved the Agreement, and so did Superior Court Judge Rowland. The divorce decree, which was signed on May 26, contained the following provision:

ORDERED, ADJUDGED AND DECREED that the Property Settlement Agreement of the parties on file with the Court is hereby approved and incorporated herein as if fully set out herein[.]

Warren never made any payments. On October 31, 1990, Dorothy filed a Motion for Consolidated Judgment seeking to reduce the arrearages to judgment. Warren opposed the motion, arguing that the earlier payments were barred by a six year statute of limitations governing contract actions, and the more recent payments were barred by laches. On February 22, 1991, Judge Michalski granted Dorothy's motion and denied Warren's motion to dismiss. He ordered Dorothy to submit a work sheet showing a calculation of the accrued principal and interest not barred by AS 09.10.040, the ten year statute of limitations governing actions on decrees. Warren's Petition for Reconsideration was denied without comment. On May 23, 1991, Judge Michalski entered judgment in favor of Dorothy for $167,812.50. Warren appeals.

## III. DISCUSSION

### A. THE SUPERIOR COURT PROPERLY APPLIED THE TEN YEAR STATUTE OF LIMITATIONS.

■ Warren argues that the superior court should have applied the six year stat-

ute of limitations to Dorothy's action.[1] His theory is that the support provision in the Agreement was a debt, not alimony, and therefore subject to the statute of limitations controlling contracts. *See* AS 09.10.-050. Warren argues that the hearing transcript "shows *conclusively* that the $100,000 agreement, contained in item 21, was an offset *in lieu of a half interest in the Alaska Gulf.*"

Regardless of whether the payments are characterized as alimony or installment payments of property, the trial court correctly applied the ten year statute of limitations. Alaska Statute 09.10.040 governs actions on decrees: "No person may bring an action upon a judgment or decree of a court ... of a state or territory within the United States ... unless commenced within 10 years." Since Warren and Dorothy's Agreement was incorporated into the divorce decree, Dorothy's action is based on the decree, not the Agreement. *Stone v. Stone,* 647 P.2d 582, 584 (Alaska 1982) ("A property settlement incorporated into a divorce decree is merged into the decree, so that the rights of the parties derive from the decree, not the agreement."). Therefore, the ten year statute of limitations should apply to her action. *Cf. Cedergreen v. Cedergreen,* 811 P.2d 784, 786 (Alaska 1991) (ten year statute of limitations applied to an action based on a child custody agreement incorporated into a divorce decree).

### B. DOROTHY'S CLAIM IS NOT BARRED BY LACHES.

■ According to the Agreement, Dorothy should have received her first support payment on July 1, 1980. Warren never made any payments. Dorothy did not institute the present action until October 31, 1990. Warren raised a laches defense in his motion to dismiss. The superior court denied the motion. Warren now argues "the court erred in denying that Jean Lantz, the appelle [sic], was guilty of laches."

**1.** We review questions of law *de novo. Langdon v. Champion,* 752 P.2d 999, 1001 (Alaska 1988). We will "adopt the rule of law that is most persuasive in light of precedent, reason and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

Dorothy initially argues that "[a]s a matter of law laches provides no defense against a judgment already entered." This argument has merit. Laches is an equitable defense inapplicable to actions at law. *Gudenau v. Bang,* 781 P.2d 1357, 1363 (Alaska 1989). In *Kodiak Electric Ass'n v. Delaval Turbine, Inc.,* 694 P.2d 150, 157 (Alaska 1984), we stated:

> When a party is seeking to enforce a legal right, as opposed to invoking the discretionary equitable relief of the courts, the applicable statute of limitations should serve as the sole line of demarcation for the assertion of the right.

Whether an action to enforce a judgment is legal or equitable in nature depends on the relief sought. *Gudenau,* 781 P.2d at 1363, n. 9. Here, Dorothy seeks a money judgment for alimony arrearages. Since her action is therefore one at law, the laches defense is not available. The ten year statute of limitations is the "sole line of demarcation for the assertion of [her] right." *Kodiak Electric,* 694 P.2d at 157.

■ In *Young v. Williams,* 583 P.2d 201, 204–05 (Alaska 1978), we held a husband could not raise a laches defense in a child support arrearages action because he had failed to show undue prejudice. We addressed the merits of the laches defense without discussing the threshold question of whether the laches defense was available. *Young* was decided before *Kodiak Electric.* No case since *Kodiak Electric* has discussed laches in the context of an arrearages action based on an agreement found in a divorce decree. We now state definitively that laches is no defense to an action to reduce alimony arrearages to judgment.

### C. THE SUPERIOR COURT WAS NOT REQUIRED TO ISSUE FINDINGS OF FACT WHEN IT DENIED WARREN'S MOTION.

■ Warren argues that the trial court erred in not making findings of fact when it denied his motion to dismiss. Civil Rule 52 does not require findings on such a motion. Alaska R.Civ.P. 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."); *see also Alaska State Housing Auth. v. Contento,* 432 P.2d 117, 122 (Alaska 1967) (holding that no findings of fact are necessary on summary judgment motions).[2]

AFFIRMED.

---

**2.** Warren's final argument is that "the court erred in not recognizing Alaska is an '*equitable division jurisdiction.*'" He implies that the Agreement should be set aside because the property division was unfair. Warren did not raise this argument below, and did not include it in his points on appeal. Therefore, it is waived. Appellate Rule 210(e); *Graeber v. Hickel Inv. Co.,* 803 P.2d 871, 872 n. 4 (Alaska 1990).