Kevin C. **KEENER** and Sherrill
L. Keener, Appellants,

v.

**STATE** of Alaska, Appellee.

No. S–5650.

Supreme Court of Alaska.

Feb. 17, 1995.

Rehearing Denied March 14, 1995.

---

Robert John, Law Office of William R. Satterberg, Jr., Fairbanks, for appellants.

Paul R. Lyle, Asst. Atty. Gen., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J., pro tem.[*]

## OPINION

MATTHEWS, Justice.

### I. FACTS AND PROCEEDINGS

In this case, the State asserts a fifty-foot right of way over property owned by Kevin and Sherrill Keener. The property at issue is located at the intersection of University Avenue and Davis Road in Fairbanks, Alaska. In 1952, the United States government leased the property to Patrick Henry Erwin pursuant to the Small Tract Act of 1938. In 1955, the United States issued Erwin a patent for the property. The patent reserved a thirty-three-foot right of way for roadway and public utility purposes.

■ The width of the right of way reserved in Erwin's patent was affected by two occurrences: the construction of Davis Road in 1951, and an order issued by the Department of the Interior (D.O. 2665) establishing a fifty-foot right of way for local roads, also in 1951. The occurrence of these two events prior to the issuance of Erwin's patent in 1955 established a fifty-foot right of way

across Erwin's land despite the specific provision in his patent reserving a thirty-three-foot right of way. See State v. Alaska Land Title Ass'n, 667 P.2d 714 (Alaska 1983), cert. denied, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 168 (1984); State, Dep't of Highways v. Green, 586 P.2d 595 (Alaska 1978).

Kevin and Sherrill Keener purchased the property in 1980. Based on the seller's representations, the Keeners believed the property was subject to a thirty-three-foot right of way. The Keeners did not know that the State owned a fifty-foot right of way.

On November 3, 1989, the State condemned three parcels of the Keeners' property for a project upgrading Davis Road. One of the parcels was a 4,769 square-foot strip adjacent to Davis Road. The State claimed it already owned this parcel as it was part of the fifty-foot right of way granted by D.O. 2665. The State moved for summary judgment to confirm its ownership of the right of way. The Keeners opposed the motion and moved for summary judgment to establish that the right of way was only thirty-three feet. The superior court granted the State's motion for summary judgment.[1] The Keeners appeal that ruling.[2]

### II. DISCUSSION

On appeal, the Keeners do not challenge the validity of the fifty-foot easement.[3] Instead, the Keeners argue that the State is barred from asserting its right to use the property by the statute of limitations and the doctrines of laches and quasi estoppel. The Keeners maintain that if the State wants to use the fifty-foot right of way it must pay them just compensation.

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. In March 1993, the parties reached a settlement agreement regarding the remaining parcels. The superior court entered a judgment incorporating the settlement agreement on March 24, 1993. The agreement contained a provision which allowed the Keeners to appeal the trial court's summary judgment in favor of the State.

2. In reviewing a grant of summary judgment, this court "must determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." Saddler v. Alaska Marine Lines, Inc.,

856 P.2d 784, 787 (Alaska 1993). All reasonable inferences of fact must be drawn in favor of the non-moving party. Wright v. State, 824 P.2d 718, 720 (Alaska 1992).

3. In State v. Alaska Land Title Ass'n, 667 P.2d 714 (Alaska 1983), and State, Dep't of Highways v. Green, 586 P.2d 595 (Alaska 1978), we held that D.O. 2665 created a fifty-foot right of way for local roads provided the patent for the land was issued after construction of the road and the date of the order. The facts in this case involving the acquisition of the land are identical to those in Alaska Land Title Ass'n and Green. Therefore, the property is subject to a fifty-foot right of way.

### A. The statute of limitations

■ The Keeners argue that AS 09.10.230 [4] and AS 09.10.120 [5] bar the State from asserting its right to a fifty-foot right of way across their property. We addressed a question with respect to the federal statute of limitations in *Alaska Land Title Ass'n*. The federal statute of limitations requires all "[s]uits by the United States to vacate and annul any patent" to be brought within six years after the date of the issuance of such patent. *Alaska Land Title Ass'n*, 667 P.2d at 726 n. 19 (quoting 43 U.S.C. § 1166 (1986)). In *Alaska Land Title Ass'n*, we held that the statute of limitations did not apply because the land was taken subject to a previously existing right of way; therefore, no suit to vacate or annul the patent was necessary. *Id.* at 726–27.

The Keeners argue that our reasoning in *Alaska Land Title Ass'n* does not apply in this case because AS 09.10.230's prohibition against the State's claim is broader than that of 43 U.S.C. § 1166. The Keeners rely on the language barring suits that attempt to "set aside, cancel, annul, *or otherwise affect a patent to land.*" AS 09.10.230 (emphasis added). However, this court's holding in *Alaska Land Title Ass'n* that the land was taken subject to a previously existing right of way defeats the Keeners' claim. Since the original patent reserved a fifty-foot right of way, the State's current suit does not seek to affect the patent in any way. Therefore, AS 09.10.230 does not apply.

The Keeners also argue that the State's challenge to the patent is barred by AS 09.10.120. As we discuss below, the State's cause of action did not begin to accrue until the State was notified of the Keeners' challenge to the right of way. Therefore, AS 09.10.120 does not bar the State's claim.

### B. The doctrine of laches

■ The Keeners' second argument is that the State's suit is barred by the doctrine of laches. The trial court has broad discretion to sustain or deny a defense based on laches. *Young v. Williams*, 583 P.2d 201, 204 (Alaska 1978); *Moore v. State*, 553 P.2d 8, 15 (Alaska 1976). We will not overturn the trial court's decision unless we have a firm and definite conviction that a mistake has been made. *Young*, 583 P.2d at 204; *Moore*, 553 P.2d at 15. In order for the defense of laches to succeed, the court must find that the plaintiff unreasonably delayed seeking relief and that prejudice to the defendant resulted from the plaintiff's delay. *McGill v. Wahl*, 839 P.2d 393, 398 (Alaska 1992); *Bibo v. Jeffrey's Restaurant*, 770 P.2d 290, 293 (Alaska 1989); *Pavlik v. State, Dep't of Community & Regional Affairs*, 637 P.2d 1045, 1047 (Alaska 1981). The Keeners have not established either element in this case.

#### 1. Unreasonable delay

■ The Keeners argue that the State had notice that the patent reserved only a thirty-three-foot right of way in 1955 when the patent was recorded. The Keeners contend that waiting thirty-four years to file suit to establish the fifty-foot right of way is an

**4.** AS 09.10.230 provides:

No person may bring an action for the determination of a right or claim to or interest in real property unless commenced within the limitations provided for actions for the recovery of the possession of real property. But no person may bring an action to set aside, cancel, annul, or otherwise affect a patent to land issued by this state or the United States, or to compel a person claiming or holding under a patent to convey the land described in the patent or a portion of the land to the plaintiff in the action, or to hold the land in trust for or to the use and benefit of the plaintiff, or on account of any matter, thing, or transaction which was had, done, suffered, or transpired before the date of the patent unless commenced within 10 years from the date of the patent. In an action upon a new promise, fraud, or mistake, the running of the time within which an action may be commenced starts from the making of the new promise or the discovery of the fraud or mistake. This section does not bar an equitable owner in possession of real property from defending possession by means of the equitable title. The right of an equitable owner to defend possession in an action or by complaint for injunction is not barred by lapse of time while an action for the possession of the real property is not barred by the provisions of this chapter.

**5.** AS 09.10.120 provides:

An action brought in the name of or for the benefit of the state, any political subdivision, or public corporation may be commenced only within six years of the date of accrual of the cause of action. However, if the action is for relief on the ground of fraud, the limitation commences from the time of discovery by the aggrieved party of the facts constituting the fraud.

unreasonable delay and satisfies the first element of a laches defense. The period of delay for laches begins to run when the party discovers or could have discovered the wrong of which he complains, *Wolff v. Arctic Bowl, Inc.,* 560 P.2d 758, 767 (Alaska 1977), or where, in light of any resulting prejudice to the defendant, it became reasonable to expect the plaintiff to act upon the wrong. *McGill v. Wahl,* 839 P.2d at 398. The Keeners argue that this occurred in 1955 when Erwin recorded his patent. However, their argument ignores our previous holdings in *Green* and *Alaska Land Title Ass'n.* Under these cases, a fifty-foot right of way was established when D.O. 2665 was issued. The landowner was held to have constructive notice of the right of way. *Alaska Land Title Ass'n,* 667 P.2d at 726. Therefore, the challenge to the right of way rather than the issuance of the 1955 patent began the period of delay.

Furthermore, the State does not have to sue to establish its ownership of the right of way simply because problems *might* arise. The Oregon courts have held that

> [a] property owner who has record notice of "possible problems" with the owner's title may, but is not required to bring an action to eliminate those problems. When a property interest is actually repudiated or challenged, or an adverse claim is asserted against that interest, the property owner is obligated to act within a reasonable time to protect the owner's interests. In the face of such a challenge, an action unreasonably delayed is time barred, because to allow it would result "in injury, prejudice or disadvantage" to the party against whom the action is brought.

*Association of Unit Owners v. Far West Federal,* 120 Or.App. 125, 852 P.2d 218, 222 (1993) (citations omitted); *see also Oliphant v. French,* 256 Or. 341, 472 P.2d 275 (1970) (holding that suit by landowner twenty years after he had constructive notice of possible problems with his title was not time barred because partner never disputed his interest in the property and property was managed according to landowner's understanding of his interests in it).

In this case, the State may have had notice of possible problems with its title; however, assuming without deciding that it may be required to bring an action to eliminate those problems at some point, this requirement does not accrue until the landowner challenges its property right. The State's current suit to confirm its ownership was filed five months after the Keeners challenged the State's interest. Five months is not an unreasonable delay. Therefore, laches does not prevent this suit.

### 2. Prejudice to defendants

The Keeners also argue that they have been prejudiced by the State's delay because they spent money to purchase the property. The Keeners maintain that if the State had filed suit to establish its right of way in 1955, or within a reasonable time thereafter, they would not have paid as much for the property when they purchased it in 1981. Prejudice arises when money or valuable services will be wasted as a result of the unreasonable delay. *Bibo,* 770 P.2d at 293. The prejudice must be a result of the delay. *Pavlik,* 637 P.2d at 1047.

As discussed above, the State was not required to bring suit to establish the right of way in 1955. At most the State was required to bring suit within a reasonable time of the Keeners' challenge. The Keeners challenged the right of way in June 1989. The State filed this action to enforce its rights five months later. The Keeners did not suffer any prejudice during this time period.

### C. The doctrine of quasi estoppel

The Keeners argue that the doctrine of quasi estoppel also bars the State's assertion of a fifty-foot right of way. We have stated that "[q]uasi estoppel 'precludes a party from taking a position inconsistent with one he [or she] has previously taken where circumstances render assertion of the second position unconscionable.'" *Dressel v. Weeks,* 779 P.2d 324 (Alaska 1989) (quoting *Jamison v. Consolidated Utils., Inc.,* 576 P.2d 97, 102 (Alaska 1978)); *see also Wright v. State,* 824 P.2d 718, 721 (Alaska 1992) (recognizing doctrine of quasi estoppel). In applying the doctrine of quasi estoppel, we will consider "whether the party asserting the inconsistent position has gained an advantage or produced some disadvantage through the first position; whether the inconsistency was of such significance as to

make the present assertion unconscionable; and whether the first assertion was based on full knowledge of the facts." *Jamison*, 576 P.2d at 103.

■ The Keeners allege that the State made two assertions which are inconsistent with its current position that it owns a fifty-foot right of way. First, the Keeners claim that the public plats issued prior to 1988 and the plat for the University Avenue project, which showed a thirty-three-foot right of way for Davis Road, constitute representations as to the width of the Davis Road right of way. The State argues that the depiction of a thirty-three-foot right of way in the University Avenue plat does not rise to the level of a representation because the focus of the plat was University Avenue; inclusion of the Davis Road right of way on the plat was incidental to the purpose of the plat. While we believe that the State has made a good argument that these depictions do not rise to the level of a representation, it is not necessary to resolve the issue because the Keeners have failed to show any of the other elements of quasi estoppel.

The Keeners have not shown that the State gained an advantage or produced a disadvantage to them by depicting the Davis Road right of way at thirty-three feet rather than fifty feet. Although Kevin Keener may have reviewed the pre–1988 plats at some point and concluded that the State had a thirty-three-foot right of way across the property, he stated that when he purchased the property in 1980 he relied on the sellers' representations as to the width of the right of way in determining a fair purchase price. It is also clear that the Keeners did not rely on the plats in improving the property as the property remains vacant and unimproved.

The Keeners have also failed to show that the State had full knowledge of the width of the right of way. The State claims it was uncertain as to the width of the right of way until it prepared the official plans for the Davis Road project in 1988. Thus, the "assertions" contained in the pre–1988 plats were not based on a full knowledge of the facts. Even if constructive knowledge is enough to establish full knowledge, as the Keeners argue, the defense fails because the Keeners also had constructive knowledge of the width of the right of way. Therefore, they could not have been disadvantaged by the State's incorrect representation of the right of way.

The Keeners' second argument is that the State implicitly represented that the right of way was only thirty-three feet in its prior dealings with the Keeners. In 1983 the State purchased property from the Keeners for the expansion of University Avenue. The Keeners argue that when the State purchased that property it did so "with the understanding that the State claimed only a 33–foot right-of-way along Davis Road." The Keeners claim that in doing so the State received the benefit of a quick and expeditious settlement with respect to the property necessary for the University Avenue project.

At best, however, the record establishes only a mutually shared assumption on the part of Kevin Keener and the State that the right of way was thirty-three rather than fifty feet. Kevin Keener's affidavit states:

That, it should also be noted that, with respect to the University Avenue extension, the State of Alaska when acquiring property for that extension purchased 17 feet for the extension from me in the mid–1980's. At the time, both myself and the State of Alaska were in agreement that the right of way was 33 foot and not 50 foot on either side of the center line for both Davis Road and University Avenue.

Lacking is any indication that this mutual mistake produced an advantage to the State or a disadvantage to the Keeners. The opposite, in fact, seems to have occurred, for the State paid the Keeners for property it already owned. Further, as discussed above, full knowledge on the part of the State was lacking and both parties had constructive knowledge.[6]

---

6. Contrary to the Keeners' assertion, *State v. Lewis*, 785 P.2d 24 (Alaska 1990), and *State v. 18,018 Square Feet, More or Less*, 621 P.2d 887 (Alaska 1981), do not require the State to pay for the right of way. In each of these cases, the State made specific promises which induced the landowner to reach a settlement agreement. *Lewis*, 785 P.2d at 28 (settlement agreement gave

### D. *Just compensation*

 Finally, the Keeners argue that the Alaska Constitution requires the State to compensate them for any taking beyond the thirty-three-foot right of way provided for in the Keeners' patent. The Keeners argue that it is "fundamentally unfair to require [them] to bear the burden of the State's surprise assertion of a right-of-way directly contrary to that contained in [their] patent." This argument ignores the fact that the State already owns the right of way. In this case, the State has not sought to take a property interest which belongs to the Keeners. Rather it has merely sought to confirm what it already owns. The State does not have to pay a property owner for a preexisting right of way; therefore, the Keeners' argument must fail. *See Green*, 586 P.2d at 603 (not requiring compensation when easement is validly promulgated prior to issuance of patent).

### III. *CONCLUSION*

On two prior occasions, in situations identical to this one, we have determined that the State owns a fifty-foot right of way for roadway purposes. The Keeners try to avoid a similar result in this case by arguing that the State can no longer assert its right to use the right of way. We have concluded that none of the bases asserted by the Keeners is sufficient to bar the State's claim. Therefore, we AFFIRM the superior court's award of summary judgment in favor of the State.

landowner right of access to highway); *18,018 Square Feet, More or Less,* 621 P.2d at 890 (settlement agreement gave landowner and his successors right of access to road extension). The Keeners argue that like these landowners, they were induced to enter the 1983 agreement by the State's promises regarding the land at issue in this case. However, there is no evidence that the State made any promises concerning the right of way along Davis Road.