Ralph J. MARINE, Appellant,

v.

Valerie D. MARINE, Appellee.

No. S–7738.

Supreme Court of Alaska.

April 24, 1998.

Bonnie J. Coghlan, Fairbanks, for Appellant.

John Foster Wallace, Call, Barrett & Burbank, Fairbanks, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

Ralph J. Marine appeals the superior court's award of child support to Valerie D. Marine under Alaska Civil Rule 90.3(b)(2). He claims that the superior court's only authority to vary the shared custody formula used in calculating an award of child support is provided by Rule 90.3(c)(1), which requires a showing of good cause upon proof by clear and convincing evidence. He asserts that Valerie failed to meet this burden and that the superior court's variance of the shared custody percentages was an abuse of discretion. Rule 90.3(b)(2), however, expressly permits the superior court to vary the shared custody formula upon a finding that the percentage of time each parent will have physical custody will not accurately reflect the amount each parent will spend on supporting the children. The superior court made factual findings consistent with the appropriate legal standard. We therefore affirm its award of child support.

### II. FACTS AND PROCEEDINGS

Valerie and Ralph were married in 1987. They had two children together: Drew, born in May 1988, and Beau, born in December 1989. The parties filed for divorce in November 1995. In December 1995 the court

entered a decree of dissolution and a child custody and support order incorporating a detailed custody and visitation schedule submitted jointly by the parties. The court granted shared legal custody of both children to Valerie and Ralph and primary physical custody to Valerie. The court also required Ralph to pay Valerie $370.40 per month in child support. This amount was calculated under the guidelines for sole or primary physical custody in Rule 90.3(a).[1]

In February 1996 Ralph filed a motion to recalculate child support based upon the guidelines in Rule 90.3(b)[2] for shared custody.[3] Ralph suggested that applying the shared custody formula under Rule 90.3(b) to the same income figures originally used by the court would result in a child support award to him of $52.64. Valerie agreed that the shared custody guidelines of Rule 90.3(b) applied, but disapproved of Ralph's calculation of the award amount. She asked the court to hold an evidentiary hearing to determine the amounts each parent spends to support the children and to vary the support calculation to reflect this spending pursuant to Rule 90.3(b)(2).

The superior court held a hearing in April 1996 to determine whether the child support award should be recalculated. Ralph conceded that he had not fully paid the child support due for the four months preceding the hearing and had failed to contribute his half of the insurance and medical bills as required by the December order.[4] Both Ralph and Valerie testified and presented evidence documenting their respective incomes and anticipated child support expenditures.

In May 1996 the superior court issued a new child support order. The court found that it had erred in calculating the child support award pursuant to Rule 90.3(a), rather than Rule 90.3(b). The court set aside the original child custody and support order pursuant to its authority under Rule 60(b)(1) to relieve a party from an order due to a mistake.

The court found that although Valerie and Ralph actually had custody 60 percent and 40 percent of the time respectively, these percentages did not reflect the amounts each would spend to support the children. The court then recalculated the child support award under Rule 90.3(b) using the new percentages and ordered Ralph to pay Valerie $212.63 per month. Ralph appeals.

---

1. Civil Rule 90.3(a) provides in relevant part:

    A child support award in a case in which one parent is awarded sole or primary physical custody ... will be calculated as an amount equal to the adjusted annual income of the non-custodial parent multiplied by a percentage specified in subparagraph (a)(2).

    . . . .

    (2) The percentage by which the noncustodial parent's adjusted income must be multiplied in order to calculate the child support award is:

    (A) 20% (.20) for one child;
    (B) 27% (.27) for two children;
    (C) 33% (.33) for three children; and
    (D) an extra 3% (.03) for each additional child.

2. Civil Rule 90.3(b) provides in relevant part:

    A child support award in a case in which the parents are awarded shared physical custody ... will be calculated by:

    (1) Calculating the annual amount each parent would pay to the other parent under [Rule 90.3(a)] assuming the other parent had primary custody.

    (2) Multiplying this amount for each parent by the percentage of time the other parent will have physical custody of the children. However-

er, if the court finds that the percentage of time each parent will have physical custody will not accurately reflect the ratio of funds each parent will directly spend on supporting the children, the court shall vary this percentage to reflect its findings.

    (3) The parent with the larger figure calculated in the preceding subparagraph is the obligor parent and the annual award is equal to the difference between the two figures multiplied by 1.5.

3. " 'Shared custody' as used in 90.3 has no relation to whether a court has awarded sole or joint legal custody." Alaska R. Civ. P. 90.3 commentary V.A. Although the court's order specified that Valerie had "primary physical custody" of the children, the order also included the parties' agreement that the children would reside with Ralph approximately 40 percent of the time. Under Rule 90.3(f), if the children reside with the non-custodial parent at least 30 percent of the year, the parents have shared physical custody. The parties agree that they have shared physical custody pursuant to Rule 90.3(f).

4. Of the $1,480 due, Ralph contributed $300, consisting of two equal payments of $150.

## III. *DISCUSSION*

### A. *Standard of Review*

Courts must follow the legal standards set forth in Rule 90.3 in determining awards of child support. Whether the trial court applied the correct legal standard in making its child support determination is a question of law we review *de novo. See Sanders v. Sanders,* 902 P.2d 310, 313 (Alaska 1995) (citing *Lantz v. Lantz,* 845 P.2d 429, 431 n. 1 (Alaska 1993)). The trial court's factual findings are reviewed under the clearly erroneous standard and are not set aside unless, after reviewing the record as a whole, this court is left with "a definite and firm conviction that a mistake has been made." *Nass v. Seaton,* 904 P.2d 412, 414 (Alaska 1995) (citations omitted).

### B. *Rule 90.3(b)(2) Authorizes the Superior Court to Vary the Percentages Used to Calculate the Support Award to Reflect Actual and Anticipated Expenditures.*

Ralph disputes the superior court's decision to vary the percentages used to calculate the support award to reflect actual and anticipated expenditures. He contends that the superior court's only authority to vary the custody percentages is provided by Rule 90.3(c)(1), requiring a showing of "good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied." Valerie contends that the court correctly varied the percentages used in calculating the support award under its authority provided by Rule 90.3(b)(2). We agree.

The pertinent language of Rule 90.3 is unambiguous. Section (b) of the rule calculates child support based upon the income of the parties and the percentage of time each has custody of the children. Rule 90.3(b)(2) states that "if the court finds that the percentage of time each parent will have physical custody will not accurately reflect the ratio of funds each parent will directly spend on supporting the children, the court shall vary this percentage to reflect its findings." The commentary to Rule 90.3 clarifies the rule's purpose by stating that the "calculation [based on the custody percentages] assumes that the parents are sharing expenses in roughly the same proportion as they are sharing custody. If this assumption is not true, the court should make an appropriate adjustment in the calculation." Alaska R. Civ. P. 90.3 commentary V.B.[5]

Rule 90.3(c)(1), on the other hand, states that "[t]he court may vary the child support award *as calculated under the other provisions of this rule* for good cause...." (Emphasis added.) Ralph's argument that Rule 90.3(c)(1) provides the only authority for the court to vary the percentages ignores the existence of Rule 90.3(b)(2) and is inconsistent with the structure of Rule 90.3. Section (c) of Rule 90.3 details "exceptions" to the methods of calculating awards in Rule 90.3(a) and 90.3(b). Because Rule 90.3(b)(2) provides independent authority to vary the custody percentages, resorting to the exceptions contained in Rule 90.3(c)(1) is unnecessary. To find otherwise would violate the basic principle of statutory construction that "militate[s] against interpreting a statute or rule in a manner that renders other provisions meaningless." *M.R.S. v. State,* 897 P.2d 63, 66 (Alaska 1995).

We conclude that Rule 90.3(b)(2) permits the trial court to undertake a prospective analysis of each parent's anticipated child care expenses in relation to the percentage of time each will have custody. Therefore, the superior court correctly relied upon Rule 90.3(b)(2) in varying the percentages used to calculate the support award to reflect actual and anticipated expenditures.

### C. *The Superior Court's Factual Findings under Rule 90.3(b)(2) Were Not Clearly Erroneous.*

Ralph contends that the factual findings underpinning the trial court's decision to

---

5. The commentary, prepared by the Child Support Guidelines Committee, has not been adopted or approved by this court. *See Eagley v. Eagley,* 849 P.2d 777, 779 (Alaska 1993). "Nonetheless, this court often relies upon the commentary for guidance in child support matters." *Bunn v. House,* 934 P.2d 753, 755 n. 7 (Alaska 1997) (citing *Coghill v. Coghill,* 836 P.2d 921, 926 (Alaska 1992) and *Ogard v. Ogard,* 808 P.2d 815, 819 (Alaska 1991)).

vary the percentages used in the calculation of child support "are inadequately supported by the evidence." Ralph also argues that he "lacks the means of even providing a home" for visitation because his child support obligation was excessive under the first, miscalculated order.

■ After a careful review of the record, including the oral testimony elicited at the hearing, we conclude that the trial court's factual findings under Rule 90.3(b)(2) were not clearly erroneous. The superior court's child support order reads, in part:

The amount[s] spent to provide care for the children by each parent are very disparate. Mr. Marine has lived almost rent free.[ ] He has paid no utilities. He has bought a few groceries. He has no child care expense[s]. He has paid $10 toward school lunches for the children and has furnished Friday snacks sometimes. He has purchased a few books for them. He has not bought any clothing for the children. He has paid no medical expenses or insurance expense[s]. He provides money for recreation when the children are with him and has given the children a dollar now and then.

Ms. Marine pays child care expenses of between $125–$200 [a] month. She pays $700 a month rent and also utilities.[ ] She pays $300 a month for groceries beyond the amount contributed by her boyfriend. She almost always pays for school lunches. She does over 50% of the laundry for the children. She has purchased books for the children and some clothing. She has paid all costs of insurance.

The court finds that Ms. Marine provides more than 60% of the children's expenses. The precise amount is hard to quantify because the parties[ ] provided little hard information. However, based on the limited figures available, the court finds that Ms. Marine pays approximately 73% of the children's expenses and Mr. Marine pays approximately 27%.

Rule 90.3(b)(2) requires the trial court to evaluate "the ratio of funds each parent *will* directly spend on supporting the children. . . ." (Emphasis added.) The rule thus requires a prospective finding.

We recognize, however, that it would be impossible to evaluate future child support expenses without some reference to past conduct. In this case, the trial court found that Ralph contributed less than 40 percent of the total expenses in the past, and Ralph has not pointed to any facts contradicting the superior court's findings. The court did not err in relying on Ralph's past conduct to conclude that Ralph would be likely to contribute less than 40 percent of the expenses in the future.[6]

Moreover, it is apparent from the record that the superior court's evaluation of the evidence presented was not merely retrospective. In fact, Ralph was questioned about his possibilities for future employment, prospective housing opportunities, child care expenses for the coming summer, and anticipated tax refunds and supplemental income. This evidence reveals little likelihood that Ralph's financial situation would change.

Based on all of the evidence, both historic and prospective, we conclude that the trial court's decision to vary the percentages used in the calculation of child support was not clearly erroneous.[7]

---

6. Nor has Ralph shown that he would have contributed more toward his children's expenses had the original child support award been correctly calculated. Although he testified that in the future he would only be willing to pay $150 toward child support, the superior court actually credited him with a contribution of $237 in arriving at the 73%/27% ratio.

7. Although the child support payment originally ordered by the trial court was too high, Ralph's contention that the court should have adjusted his anticipated child support expenses to reflect an overpayment lacks merit because Ralph only paid $300 of the $1,480 that was due during the four months preceding the hearing. We also reject Ralph's argument that the superior court's award was unjust because of his "impoverished condition." The superior court followed the Rule 90.3(b) guidelines, which account for a parent's reduced financial circumstances by using his or her income to determine the support due. Ralph's arguments about the general unfairness of the award are unrelated to any specific error of the superior court.

## IV. CONCLUSION

Alaska Civil Rule 90.3(b)(2) permits the superior court to vary the percentages used in calculating an award of child support upon a finding that the percentage of time each parent will have physical custody will not correspond to the percentage of the children's total expenses that each parent will directly pay. In calculating the child support award at issue, the superior court made factual findings that were consistent with this legal standard. We therefore AFFIRM the superior court's award of child support.